**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOSEPH L. WATT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-3038-CM |
| ) | |
| **BUREAU OF PRISONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Joseph L. Watt filed this pro se action against defendants Bureau of Prisons, United States Penitentiary, (fnu) Rainey, (fnu) Ontiviros, (fnu) Tatum, and (fnu) Aldridge claiming civil rights violations and negligence. The case is before the court on Defendants' Motion to Dismiss, or in the Alternative Summary Judgment (Docs. 37, 39). Because of recent changes in this field of law, the motion is granted in part and denied in part.

Plaintiff claims that while he was an inmate, suffering from a lung disorder, defendants subjected him to second-hand smoke. Consequently, plaintiff now brings the following claims against defendants, both in their individual and official capacities: (1) claims under 42 U.S.C. § 1983 for "civil rights violations;"[1] and (2) claims under the Federal Tort Claims Act for gross negligence. Plaintiff requests monetary and injunctive relief.

First, defendants request that plaintiff's claims be dismissed for failure to exhaust

---

[1] Because § 1983 does not apply to federal actions, the court considers plaintiff's "civil rights violations" claims as governed by *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Punchard v. U.S. Bur. of Land Mgmt.*, 180 F. App'x 817, 819 (10th Cir. 2006).

administrative remedies. Defendants argue that: (1) exhaustion of administrative remedies must be pleaded in the complaint; (2) plaintiff failed to name some defendants in his prior grievances—implying that plaintiff failed to exhaust his administrative remedies regarding these defendants; and (3) because plaintiff failed to exhaust at least one of his present claims, all of the present claims must be dismissed.

On January 22, 2007, the Supreme Court rejected each of these arguments. The Court clarified that failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, Nos. 05-7058, 05-7142, 2007 WL 135890, at *11 (Jan. 22, 2007). Similarly, failure to identify defendants in a grievance does not *per se* imply that plaintiff failed to exhaust his administrative remedies regarding those defendants. *Id.* at *12. Finally, the Court rejected the "total exhaustion rule." *Id.* at *13–14. Thus, to the extent defendants' motion rests on plaintiff's failure to exhaust administrative remedies, defendants' motion is denied.

Second, defendants argue that sovereign immunity requires the dismissal of some of plaintiff's claims. Plaintiff has not made a showing that the United States, or its agencies, waived its sovereign immunity by consenting to being sued. The court finds that plaintiff's *Bivens* claims for monetary damages against the Bureau of Prisons, United States Penitentiary, and the remaining defendants in their official capacities must be dismissed. *See Lattimore v. RKK Enters.*, No. 95-1333, 1996 WL 381730, at *2 (10th Cir. July 9, 1996) (citing *FDIC v. Meyer*, 510 U.S. 471, 484 (1994)).

Third, defendants argue that plaintiff's request for injunctive relief is moot. Plaintiff first notified this court of his change of address on April 25, 2005. Plaintiff last notified this court of his change of address on February 22, 2006. Plaintiff is no longer incarcerated. As a result, plaintiff's

request for injunctive relief is moot.  *See Mansoori v. Lappin*, No. 04-3241-JAR, 2005 WL 2387599, at *8 (D. Kan. Sep. 21, 2005) (finding injunctive relief moot under nearly identical facts).

Lastly, defendants request that this court grant summary judgment on plaintiff's negligence claims.  However, the court finds that such a request is not presently appropriate.  Defendants filed this motion as a responsive pleading.  Discovery has been stayed.  Thus, the court will not address defendants' request for summary judgment.  *See id.*  Defendants may reassert their motion at a later time.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or in the Alternative Summary Judgment (Docs. 37, 39) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief is dismissed as moot.

**IT IS FURTHER ORDERED** that plaintiff's *Bivens* claims for monetary damages against the Bureau of Prisons, United States Penitentiary, and defendants in their official capacities are dismissed.

Dated this 13th day of February 2007, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**