IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH L. WATT,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA, et al.,** )<br>)<br>**Defendants.** )<br>) | No. 05-3038-CM |

## MEMORANDUM AND ORDER

Plaintiff Joseph L. Watt filed this *pro se* action against defendants United States of America, (fnu) Rainey, (fnu) Ontiviros, (fnu) Tatum, and (fnu) Aldridge claiming civil rights violations and negligence. Plaintiff claims that while he was an inmate, suffering from a lung disorder, defendants subjected him to second-hand smoke.

Plaintiff filed his complaint on January 27, 2005. Plaintiff initially participated in this case, however, for several months, he has failed to comply with court orders or update his personal information. As set forth in the most recent show cause order (Doc. 91):

> On December 4, 2007, this court entered an Order to Show Cause (Doc. 78) why plaintiff has failed to respond to defendants' Motion to Dismiss for Violation of Court Orders (Doc. 77). The court directed plaintiff to show cause by December 14, 2007, and to file a response to the Motion (Doc. 77) by December 17, 2007. The clerk sent the Order to Show Cause by certified mail, return receipt requested. The return of service shows that the item was "returned unclaimed, return to sender, unable to forward on 12/28/07" (Doc. 80). On January 9, 2008, defendants filed a Motion to Stay Deadlines (Doc. 82). Magistrate Judge O'Hara granted that motion (Doc. 83). Judge O'Hara's Order was sent certified mail to plaintiff—who signed for the order on January 26, 2008. Out of an abundance of caution, this court resent Doc. 78 to plaintiff by certified mail on February 12, 2008. The return of service, dated March 12, 2008, again shows "Returned to sender, unclaimed, unable to forward" (Doc. 90).

The order also instructed plaintiff to show cause, in writing, by April 18, 2008 why he has failed to respond to defendants' motion or the court's previous show cause orders and to update his contact information. The order concluded by noting, "Failure to respond to this Order will result in dismissal of this action without further notice."

In response to this order—as noted in a "Docket Annotation" (Doc. 93)—plaintiff called and informed the court that he was released from the hospital on April 16, 2008. He told the court he would file a response, with supporting documentation from the hospital, by April 28, 2008. Plaintiff has not further contacted the court or filed any document.

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute its case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted).

Despite multiple opportunities, plaintiff refuses to participate in this litigation. Defendants will be prejudiced by any further delay. Because the court is forced to continue to issue show cause orders and to delay resolution of this case—which has been pending for over three years—plaintiff's willful refusal to participate in this litigation is interfering with the judicial process. Although plaintiff told the court he was recently in the hospital, he has not provided the court with any evidence of this, nor has he updated his contact information. Plaintiff has failed to respond to defendants' filings, court orders, and to meet his self-imposed deadlines.

**IT IS THEREFORE ORDERED** that this case is dismissed with prejudice for plaintiff's failure to prosecute.

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss for Violation of Court Orders (Doc. 77) is denied as moot.

Dated this <u>15th</u> day of May 2008, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**